Cl.Ct. 582, 591–92 (Cl.Ct.1991.) (holding that the cost of paying government affairs consultants was allocable to a government contract where there were specific direct benefits to an existing contract).

We also reject Teknowledge's argument that a sufficient nexus exists between the costs and its government work because its software development costs are indirect, not pertaining to a specific contract, but are allocable under various CAS provisions to the different contracts that it has with the government. As the government points out, there are no underlying government contracts that are in any way related to the TekPortal software that would allow Teknowledge to properly allocate these indirect costs under any accounting standard. Moreover, the Claims Court found that Teknowledge has proffered no evidence to show how TekPortal keeps Teknowledge afloat or will bring in new business in the future. The Claims Court therefore did not err in concluding that Teknowledge had failed to show any nexus between the TekPortal development costs and any government contract. Our decision in *Boeing* does not mandate a different result.

We have considered Teknowledge's remaining arguments and find them unpersuasive. For the foregoing reasons, the Claims Court properly granted summary judgment on the government's motion. Accordingly, we *affirm.*

**In re Michael I. RACKMAN.**

**No. 2009–1217.**

United States Court of Appeals, Federal Circuit.

Nov. 4, 2009.

Rehearing Denied Nov. 23, 2009.

Michael I. Rackman, Gottlieb, Rackman & Reisman, P.C., of New York, NY, argued for appellant.

Sydney O. Johnson, Jr., Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, VA, for the Director of the United States Patent and Trademark Office. With him on the brief were Raymond T. Chen, Solicitor, and Thomas L. Stoll, Associate Solicitor.

Before BRYSON, PROST, and MOORE, Circuit Judges.

**Judgment**

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36